UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROD ANTHONY CHRISTIE,

     Plaintiff,

   -against-

EXPERIAN INFORMATION SOLUTIONS
INC.,

     Defendant.

26-CV-1984 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

 Plaintiff, who is proceeding *pro se*, brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., alleging Defendant Experian Information Solutions, Inc. ("Experian") knowingly failed to report accurate personal information. By order dated March 13, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

## STANDARD OF REVIEW

 The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

 While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges Defendant repeatedly failed to maintain accurate personal identifying information for more than four years. (ECF 1 at 3.) This false information included "name variations," his home address, incorrect phone numbers, and a vague description of Plaintiff's career. (*Id.* at 8.) These inaccuracies created "identity confusion, multiple identity verification failures, increased the risk of identity

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

misassociation and identity theft[,] and rendered Plaintiff's consumer credit file materially misleading." (*Id.*) Plaintiff states that he submitted government identification, bank statements, and an identity theft report from the Federal Trade Commission to establish that Defendant was using false personal identifiers for Plaintiff. (*Id.* at 3.) As a result, Plaintiff suffered "denial of credit opportunities, multiple failed identity verification checks, interference with employment related background screening, loss of access to financial products, [and] out of pocket expenses." (*Id.* at 4.)

## DISCUSSION

The FCRA imposes two main duties on furnishers of information: (1) a duty to provide accurate information, 15 U.S.C. § 1681s-2(a); and (2) a duty to investigate after receiving a notice of dispute, 15 U.S.C. § 1681s-2(b). Violations of the duty to provide accurate informationare enforced by certain government officials—not consumers themselves. 15 U.S.C. § 1681s–2(a); Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151 (2d Cir. 2012) ("[T]here is no private cause of action for violations of § 1681s-2(a)."); Comunale v. Home Depot, U.S.A., Inc., 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials."); 15 U.S.C. § 1681s-2(d) (stating that subsection (a) of the FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title"). Plaintiff thus cannot sue Defendant for allegedly failing to maintain accurate information.

By contrast, an individual can sue a furnisher of information for violations of the duty to investigate. *See Comunale*, 328 F. Supp. 3d at 80 (holding that the FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)"). The investigation duties under Section 1681s-2(b) arise only after the furnisher of financial information receives notice of the consumer's

3

dispute from the credit reporting agency. "To state a claim [under § 1681s-2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [CRA] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019). Plaintiff only alleges information about Defendant's complaint review process, drawing the conclusion that their procedures lead to unreasonable investigations, but does not allege any facts suggesting that Defendant failed to conduct a reasonable investigation into his complaint. (ECF 1 at 12.)

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff may be able to allege additional facts to state a valid FCRA claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    April 15, 2026
         New York, New York

_____Louis L. Stanton_____
         Louis L. Stanton
         U.S.D.J.